IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC d/b/a/ IXO,** § | | |
| § | | |
| Plaintiff, § | | |
| § | Civil No. 6:09-cv-326-LED-JDL | |
| v. § | | |
| § | **JURY TRIAL DEMANDED** | |
| **MORGAN STANLEY, ET AL.,** § | | |
| § | | |
| Defendants. § | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Morgan Stanley, Morgan Stanley & Co. Inc., J.P. Morgan Chase & Co., J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp., The Bank of New York Mellon Corp., BNY ConvergEx Group, LLC, BNY ConvergEx Execution Solutions LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse Securities (USA) LLC, The Goldman Sachs Group, Inc., Goldman Sachs & Co., Goldman Sachs Execution & Clearing, L.P., Bank of America Corp., Banc of America Securities LLC, Merrill Lynch & Co., Inc., Pierce, Fenner & Smith Inc., SWS Group, Inc., and Southwest Securities, Inc.'s (collectively, "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) for failure to State a Claim (Doc. No. 51) ("Motion"). Plaintiff Realtime Data, LLC ("Realtime") has filed a Response (Doc. No. 70) ("Response"). Defendants have also filed a Reply (Doc. No. 82) ("Reply") in support of the Motion.  Having fully considered the parties' arguments and for the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED in part**.

## BACKGROUND AND THE PARTIES' CONTENTIONS

On July 22, 2009, Plaintiff filed the instant action against twenty-one defendants for allegedly infringing four patents: U.S. Patent Nos. 6,624,761 ("the '761 patent"); 7,161,506 ("the '506 patent"); 7,400,274 ("the '274 patent"); and 7,417,568 ("the '568 patent") (Doc. No. 1) ("Complaint"). The '761 and '506 patents claim systems and methods for content dependent data compression, COMPLAINT at 5, and the '274 and '568 patents claim systems and methods for data feed acceleration and encryption. *Id.* at 5–6. Realtime attached these patents to its Complaint.

The instant Motion surrounds allegations set forth in the First Amended Complaint (Doc. No. 4) ("Am. Complaint"). Specifically, Defendants assert that Realtime fails to comport with the pleading requirements of Fed. R. Civ. P. 8(a)(2), as defined in the recent Supreme Court decisions in *Twombly* and *Iqbal*. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Defendants argue that Realtime's Complaint "fails to identify the most basic facts about its claim, including any accused product or service that is allegedly subject to Realtime's infringement allegations." MOTION at 1. Instead of alleging sufficient facts to support a plausible claim for relief, Defendants contend that Realtime's Complaint relies upon "boilerplate generalities and legal conclusions" to accuse the twenty-one Defendants of infringing unspecified "data compression products and/or services." *Id.*

In its substantive paragraph in the Amended Complaint regarding infringement, Realtime alleges direct and indirect (inducement and/or contributory) infringement of the patents-in-suit[1]:

> Defendants have been and are now directing infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using,

---

[1] The same language is used as to all four patents.

2

selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent].

AM. COMPLAINT at 11–14, ¶¶ 34, 39, 44, & 49. In sum, Defendants argue that while they are not seeking early Patent Rule 3-1 disclosures, Realtime's infringement and willfulness claims lack the factual specificity required under Rule 8 and Realtime should be required to sufficiently identify which products and/or services from each Defendant allegedly infringe its patents. MOTION at 1.

Realtime responds that by filing a Complaint that alleges the infringement of "data compression products and services," it has complied with Form 18 of the Federal Rules. In relying on Form 18 to accuse a group of Defendants of infringing specific patents in the United States, Realtime maintains that it meets the pleading requirements of Rule 8(a)(2). RESPONSE at 3–4. Realtime further points out that the patent form pleading has already been evaluated under *Twombly* and the Federal Circuit affirmed that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims in the asserted patent" in the pleadings. *Id*. at 5–6 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Realtime concludes that patent cases are unique because the claims of the asserted patent identify the apparatus, method, or system that forms the basis of infringement, and based on the provided disclosures (infringement allegations plus copies of the asserted patents), Defendants are on notice of Realtime's allegations. RESPONSE at 6–7.

## **LEGAL STANDARD**

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal*, 501 F.3d at 1355–56. "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (internal quotations omitted); *Doe v. MySpace,*

3

*Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Twombly*, 550 U.S at 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Iqbal*, 129 S. Ct. at 1949–50, 1953 (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction—See Form 7.)
2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:
(a) a preliminary and final injunction against the continuing infringement;

  (b)  an accounting for damages; and
  (c)  interest and costs.
        (Date and sign—See Form 2.)

FED. R. CIV. P. FORM 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the form).[2]

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid, which cannot be done by judicial action. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is

---

[2] The Forms accompanying the Federal Rules were updated in 2007. At the time of the Federal Circuit's ruling in *McZeal*, the patent infringement pleading form was numbered "Form 16." Today, the same form is numbered "Form 18."

5

plausible on its face. *See* FED. R. CIV. P. 84. The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

### *Direct Infringement*

Realtime's allegations of direct infringement fail to adhere to Form 18 in that they do not specifically identify any accused products or services. *See* FED. R. CIV. P. FORM 18 (accusing "electric motors" of infringement in an example of sufficient pleadings). While Realtime accuses Defendants' "data compression products and/or services," the Court find this to be a vague identification and without further context it is unclear as to what "data compression products and/or services" refers. *See Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 122) (unpublished at this time).

Judge Davis recently addressed the same issue presented here in several patent infringement cases, and consistently ruled that direct infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts. These decisions additionally required that identification of accused instrumentalities be specific as to particular defendants. *See, e.g., Landmark*, slip op. at 5; *i2 Tech., Inc. v. Oracle Corp.*, No. 6:09-cv-194, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Doc. No. 79) (unpublished at this time); *Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 195) (unpublished at this time) (hereinafter "Joao I"); *Joao Bock Transaction Sys. of Texas, LLC v. Am. Nat. Bank of Texas*, No. 6:09-cv-368, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Doc. No. 20) (unpublished at this time) (hereinafter "Joao II"); *Bedrock Computer Tech., LLC v. Softlayer Tech., Inc.*, No. 6:09-cv-

269, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 189) (unpublished at this time); *see also Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 4–5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 77) (unpublished at this time) (comparing the direct infringement allegations in the sample patent complaint in Form 18 with the substantive paragraphs in plaintiff's complaint). These cases suggest that Realtime's vague reference to "data compression products and/or services," when asserting four patents with a multitude of claims, does not state a claim for relief that is plausible on its face. The Amended Complaint, in its current form, fails to inform Defendants as to what they must defend.

In sum, while Form 18 does not set a high bar for what must be alleged, Realtime has not met that bar.[3] "The Court has high expectations of a plaintiff's preparedness before it brings suit." *Landmark*, slip op. at 6 (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp.2d 558, 560 (E.D. Tex. 2005)). Thus, while a complaint need not specify P.R. 3-1 disclosures, some greater specificity is required here to give Defendants sufficient notice of the claims alleged. *See Joao I*, slip. op at 6.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Realtime's pleadings for direct infringement in the Amended Complaint. The Court further **GRANTS** Realtime leave to amend its pleadings by **May 17, 2010** to comply with

---

[3] The Court has also previously addressed the sufficiency of Form 18 in light of recent Federal Circuit and Supreme Court rulings. In *Clear with Computers*, Judge Davis explained that *Twombly* and *Iqbal* did not upset the Federal Circuit's conclusions in *McZeal*. *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 5–6 (E.D. Tex. Mar. 29, 2010) (Doc. No. 77) (unpublished at this time). The Court expressly rejected arguments contending that Form 18 is inadequate under *Twombly* and *Iqbal* and acknowledged that Form 18 remains adequate under Rule 84 to state a claim for direct patent infringement. *Id.* (citing *Elan Microelectronics Corp. v. Apple, Inc*., 2009 WL 2972374, at *2 (N.D. Cal. Sept. 24, 2009)). This assessment is adopted herein, and going forward, Form 18 is presumably sufficient to state a plausible claim for relief in patent infringement cases.

Rule 8 and the guidance provided herein.[4]

### *Indirect Infringement*

Defendants also move to dismiss Realtime's indirect infringement claims. Because Form 18 does not expressly address indirect infringement claims, the pleading requirements of indirect infringement claims are unclear. *Compare PA Advisors v. Google Inc*., 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (Folsom, J.) (granting a motion for a more definite statement requiring the plaintiff to at least generically identify the end user), *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008) (Everingham, M.J.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement). While acknowledging the competing approaches, here the Court evaluates the sufficiency of the Complaint in light of recent decisions requiring that a complaint alleging indirect infringement affirmatively "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to [] indirect infringement claims." *Clear with Computers*, slip op. at 7.

Taken as a whole, Realtime's indirect infringement allegations are insufficient to state a claim for relief that is plausible on its face. *See id*. As recent decisions make clear, indirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the patents-in-suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims. *See,*

---

[4] Realtime should identify any products, services, or other instrumentalities accused of direct infringement. Realtime should further identify accused instrumentalities that are specific to a particular Defendant(s).

*e.g., i2*, slip op. at 5. As discussed in the previous section, the generalities relied upon by Realtime in the Amended Complaint do not put Defendants on notice of direct infringement, and importantly, also fail to identify which other party committed the underlying act of infringement.[5] This lack of clarity fails to inform Defendants as to how they must defend against charges of indirect infringement.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Realtime's pleadings for indirect infringement in the Amended Complaint. The Court further **GRANTS** Realtime leave to amend its pleadings by **May 17, 2010** to comply with Rule 8 and the guidance provided herein.[6]

*Willful Infringement*

Defendants also argue that Realtime's claim for willful infringement should be dismissed for failing to comply with Rule 8 because the Complaint has not disclosed the factual basis for its allegations. MOTION at 11. Realtime disputes Defendants' position, asserting that willful infringement should not be viewed as an independent cause of action and emphasizes that dismissal of Realtime's claim for willful infringement would foreclose all discovery into Defendants' knowledge and intent with respect to the patents-in-suit. RESPONSE at 13.

The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (hereinafter "Seagate"). Therefore, "when a complaint is filed, a patentee must

---

[5] To prove inducement or contributory infringement under 35 U.S.C. §§ 271(b) & (c), a plaintiff must establish that some other party committed the entire act of direct infringement. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379–81 (Fed. Cir. 2007).

[6] Realtime should identify any products, services, or other instrumentalities accused of indirect infringement. Realtime should further identify a direct infringer for each accused instrumentality.

have a good faith basis for alleging willful infringement." *Id*. In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed. *Id*.

The Realtime willfulness claim in the Amended Complaint reads: "To the extent that facts learned in discovery show that Defendants' infringement of the Patents-in-Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding." AM. COMPLAINT at 14, ¶ 54. The Court finds this statement to lack a factual basis indicating that Realtime is entitled to relief, and the willfulness allegations further fall short of the "good faith" evidentiary basis required by Rule 11(b). *See* FED. R. CIV. P. 8(a) & 11(b). *Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with respect to Realtime's willful infringement allegations in the Amended Complaint. Rather than dismissing these allegations, Plaintiff is afforded the same flexibility to correct that it was afforded in the direct and indirect infringement pleadings. The Court **GRANTS** Realtime leave to amend its willfulness allegations by **May 17, 2010** to comply with Federal Rules 8 &11 and the standards annunciated in *Seagate*. Should further factual support for Realtime's willful infringement claims be uncovered during the course of discovery, Realtime should move the Court to supplement the allegations in the Amended Complaint so that Defendants remain on notice as to Realtime's allegations.

## CONCLUSION

The Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** to the extent discussed in the foregoing sections. Additionally, at least as it relates to the allegations of

direct and indirect infringement, the Court reiterates previous instructions to the parties to "try this case on the merits and not unnecessarily burden this Court with technical issues that lack practical substance." *Bedrock Computer Tech.*, slip op. at 6. The Court is somewhat concerned as to the expenditure of party and Court resources on this issue when the Patent Rules have already required the disclosure of: the asserted claims, the accused instrumentalities, and plaintiff's contention(s) by which an accused instrumentality is alleged to infringe a particular claim.[7] *See generally* P.R. 3-1. The P.R. 3-1 disclosures are far more detailed than Rule 8's pleading requirements and the Defendants have already "received greater specificity than what they sought in this motion, rendering this motion superfluous for all practical purposes." *Bedrock Computer Tech.*, slip op. at 6. Once infringement allegations were gleaned through P.R. 3-1 disclosures, it would be more efficient if such a Motion to Dismiss were jointly withdrawn, or if a Motion to Strike or Clarify were filed in the event of deficient P.R. 3-1 contentions. Going forward, the Court cautions litigants to either consider the sufficiency of the pleadings in the context of the Patent Rules and/or strongly encourages the parties to work out such an issue amongst themselves.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on

---

[7] The Court notes that the purpose of detailed infringement and invalidity disclosures in this district is to provide the parties with a vehicle to decipher what the case is really about. These disclosures are intended to go far beyond the Rule 8 requirements and it is counter-productive to have parties amending a complaint once infringement and invalidity contentions have been exchanged under the Patent Rules.

11

grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 7th day of May, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE