```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #:_____
                                        DATE FILED: MAY 01 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :         11 Civ. 6696 (KBF)
                        Plaintiff,     :         11 Civ. 6701 (KBF)
                                       :         11 Civ. 6704 (KBF)
            -v-                        :
                                       :              ORDER
MORGAN STANLEY, et al.,                :
                                       :
                        Defendants.    :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :
                        Plaintiff,     :         11 Civ. 6697 (KBF)
                                       :         11 Civ. 6699 (KBF)
            -v-                        :         11 Civ. 6702 (KBF)
                                       :
CME GROUP INC., et al.                 :              ORDER
                                       :
                        Defendants.    :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :
                        Plaintiff,     :         11 Civ. 6698 (KBF)
                                       :         11 Civ. 6700 (KBF)
            -v-                        :         11 Civ. 6703 (KBF)
                                       :
                                       :              ORDER
THOMSON REUTERS, et al.                :
                                       :
                        Defendants.    :
------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

The Court has received a number of discovery dispute letters, all dated April 27, 2012, pursuant to the Court's April 17, 2012 Order--and the discussion related thereto at the April 17 status conference. (See Dkt. No. 437.) This Order resolves those disputes.

In all instances, the disputes referred to below are between plaintiff Realtime Data, LLC ("Realtime") and the defendant (or group of defendants) identified in the title of the part of this Order resolving the dispute as between plaintiff and that defendant/those defendants. All parties should be aware that the Court's rulings are accommodations of various positions and in no way "open the door" to additional discovery obligations by any party (e.g., by now ordering that a party produce material, if another party has not previously agreed to do so and it is not already the subject of a letter setting forth a discovery dispute, then that "ship has sailed").

In addition, the parties have engaged in varying levels of production and negotiation: therefore, to the extent that this Court denies certain additional relief as to one party, that does not mean that it denies (or should deny) it as to another party. The Court has reviewed the circumstances of each party separately for Topics 1-7 (as identified in Realtime's letter to the Court dated April 12, 2012).

The Court notes that there are serious questions as to whether certain discovery sought (generally or at least as to certain parties) will in fact be useful to an appropriate damage analysis under the Georgia-Pacific factors. However, the Court also notes that Rule 26 provides for broad discovery at this stage of the proceedings.

Each party reserves all rights to make any motions they deem appropriate in limine, based on Daubert, etc. to challenge proposed expert opinions based on such information and to preclude the introduction of evidence at trial. At this time, the Court will not make a preclusive ruling on a potential damages theory.

The Court's rulings on the discovery issues are as follows:

## CBOE:

### Topic 2:

The only potentially relevant infrastructure is that which actually handles FAST feeds, in whole or in part. Infrastructure that does not "touch" a FAST feed is not included in this ruling.

The CBOE shall provide one of the following: (1) a physical tour (this shouldn't take long and is not in the nature of a walking deposition of whomever conducts the tour--the "tour guide" should simply point out specific equipment that "touch" FAST feeds) of a facility in which FAST feed(s) are received or transmitted; plaintiff can note the names of any servers or other equipment in such facility and do its own market research on cost based on various assumptions regarding capacity, etc.; or (2) a list of such equipment that "touch" FAST feeds (but may not be limited to FAST feeds) with associated costs of acquisition; or (3) documents maintained in the ordinary course that set forth the cost of acquisition of the various pieces of equipment.

## NYSE:

### Topic 1:

NYSE shall provide a list of all market data feeds that are received in FAST format and that are decompressed in the United States. That shall constitute the end of their discovery obligations on this issue unless there is very good cause shown (which the Court does not currently perceive).

**Topic 2:**
NYSE shall provide documents sufficient to show the specific costs paid for specific levels of bandwidth. If such information has already been provided, then NYSE has no additional obligations in this regard. Realtime has the ability to seek third party discovery on the same issues.

### Bloomberg:

**Topic 2:**
The Court notes Bloomberg's statements regarding the identity of participants at the hypothetical negotiation. However, for purposes of discovery at this stage of the proceedings, Bloomberg shall do one of the following:
(1) provide plaintiff with a 30(b)(6) witness who can speak to the costs associated with infrastructure that is shared by FAST feeds at one exemplar data site in the United States only; such costs shall only be with respect to one twelve month period; or
(2) undertake any of the three alternatives set forth for CBOE above.

**Topic 3:**
Bloomberg apparently has some network capacity planning documents. Bloomberg shall produce one network capacity plan created in 2010 or 2011 (and if it extends into the future, do not redact such information) that relates, at least in part, to a United States-based network that carries FAST feeds in whole or in part.

**Topic 6:**
Based on Bloomberg's representations regarding its lack of direct participation in the development of the FAST standard, it has no further discovery obligations on this topic.

### NASDAQ:

NASDAQ and Realtime shall confer on two custodians per topic and NASDAQ shall update its production up to July 2011 for each of Topics 1-7 based upon the selection of only five (5) key words per topic. If the parties cannot agree on the custodians or key words, they shall submit a joint letter to the Court setting forth their respective positions by May 7, 2012 and the Court shall choose the words and custodians for additional searches. NASDAQ should provide the Court with information

showing the number of unique document "hits" per custodian and key word in order for the Court to assess responsiveness and burden. (Key words can be combined into Boolean search terms.)

**FactSet:**

No relief is requested at this time. The Court discourages the parties from bringing any dispute on these issues to this Court, but will entertain them if truly necessary.

**The Bank Defendants:**

The Court is awaiting plaintiff's response to the Bank Defendants' letter regarding the motion for a protective order. Plaintiff shall do so no later than noon on May 2, 2012.

**BNYConvergEx:**

**Topics 2 and 5:** ConvergEx represents that it does not receive, decode, or decompress any financial data feeds in the FAST compressed format nor does CES's trading systems or algorithms receive normalized data converted from FAST-compressed format. Unless plaintiff can demonstrate that those representations are untrue, no discovery shall be ordered on Topics 1-7.

**Interactive Data Corp.:**

**Topic 1:**
Interactive Data has already committed to provide a list of all market data feeds that are received in FAST format and that are decompressed. No additional discovery on this topic is required. The Court is not persuaded that documents relating to apportionment are relevant and does not order such a list or information.

**Topic 2:**
Interactive has produced sufficient data with respect to this topic. Plaintiff must show very good cause as to why such data is insufficient. Such good cause has not been shown, and thus no additional discovery on this topic is required.

**Topics 3 and 4:**

Interactive is not required to identify by Bates number responsive documents that is has produced relating to these Topics.

**Topic 5:**

Based on Interactive's representations regarding its business, it is not required to produce documents on this topic. However, questions may be asked at deposition relating to this topic.

**Topics 6 and 7:**

No relief is requested or necessary at this time.

SO ORDERED:

Dated:    New York, New York
          May  1 , 2012

_____
KATHERINE B. FORREST
United States District Judge