USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 10 2012

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
REALTIME DATA, LLC d/b/a IXO,       :
                                    :    11 Civ. 6696 (KBF)
                    Plaintiff,      :    11 Civ. 6701 (KBF)
                                    :    11 Civ. 6704 (KBF)
        -v-                         :
                                    :         ORDER
MORGAN STANLEY, et al.,             :
                                    :
                    Defendants.     :
------------------------------------ X
REALTIME DATA, LLC d/b/a IXO,       :
                                    :
                    Plaintiff,      :    11 Civ. 6697 (KBF)
                                    :    11 Civ. 6699 (KBF)
        -v-                         :    11 Civ. 6702 (KBF)
                                    :
CME GROUP INC., et al.              :         ORDER
                                    :
                    Defendants.     :
------------------------------------ X
REALTIME DATA, LLC d/b/a IXO,       :
                                    :
                    Plaintiff,      :    11 Civ. 6698 (KBF)
                                    :    11 Civ. 6700 (KBF)
                                    :    11 Civ. 6703 (KBF)
        -v-                         :
                                    :         ORDER
THOMSON REUTERS, et al.             :
                                    :
                    Defendants.     :
------------------------------------ X
```

KATHERINE B. FORREST, District Judge:

This order is directed exclusively to the remaining discovery dispute between plaintiff Realtime Data, LLC ("Realtime") and International Securities Exchange ("ISE").

1. ISE does not have to re-review its entire production for duplicates, corrupted documents, or irrelevant documents.

If ISE knows of documents which are in inaccessible files due to corruption or otherwise, ISE should notify Realtime promptly. Otherwise, as the parties respectively encounter such documents, they should work together to address any issues.

2. Given the breadth of the requested discovery, this Court is not surprised that some irrelevant documents made their way into the production. Assuming that the majority of the production is electronically searchable, the application of relevant search terms should reduce the burden on Realtime from reviewing too many unnecessary materials. The fact that Realtime may need to review some unresponsive materials appears to be a function of the breadth of its requests, the burdens on ISE, and an attempted balancing between the two.

3. In terms of custodians, if custodian or source information is reasonably available, it should be produced--including any "index" that does not otherwise reveal work product that ISE may have. If an index exists but does contain work product, such work product should be redacted and the index produced. If no index exists, then the Court assumes that metadata has been produced with accompanying electronic files and documents can be sorted using fields found therein.

4. No new interrogatories should be propounded; any interrogatories that ISE had not previously agreed to answer

need not be answered. Topics 1-7 replaced any such obligations (to the extent not previously agreed to).

5. The Court assumes ISE has produced all responsive documents it had otherwise agreed to produce (and that are similar to 110776179). However, if ISE knows of other documents similar to 110776179 that have not been produced, they should do so.

6. **Topic 2:** ISE appears to have complied with most of its obligations with respect to this topic--it is unclear if it has provided the cost information it has that is reasonably accessible and that corresponds to the network infrastructure that "touches" FAST feeds. (To be clear, serial numbers are not required to be produced.) If not, they should do so. This Court is not persuaded that historical information is necessary given Realtime's theory as expressed in other filings.

If ISE can estimate "allocation" of infrastructure to non-FAST feeds, they should do so; if they cannot, they should so indicate. The Court's impression is that it may be to ISE's advantage to provide such allocation if it can be determined; but the Court is not expressing any view as to relevancy or admissibility.

Amortization of capital costs (presumably relating to the network equipment) should be produced if reasonably accessible-- such information can be provided in the form of a declaration

that states "ISE typically amortizes network equipment on the following basis . . . ."

With respect to network service provider agreements, if they are easily locatable, ISE should provide them. If they are not, ISE should provide Realtime with the names of its providers and Realtime can subpoena those records. If the only agreements provided are unsigned, ISE should represent whether they are copies of the executed and/or operative and binding agreements.

SO ORDERED:

Dated:   New York, New York
         May  10 , 2012

_____
KATHERINE B. FORREST
United States District Judge