UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Realtime Data, LLC d/b/a IXO

Plaintiff,

v.

Morgan Stanley, et. al, CME et. al, Thomson Reuters

Defendant.

_____

Civil Action Nos.  1:11-CV-6696
1:11-CV-6697
1:11-CV-6698

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH OR MODIFY SUBPOENA

Third Party Exegy Incorporated ("Exegy") submits this memorandum of law in support of its motion to quash or modify the Subpoena served by Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") on or about March 30, 2012 (the "Subpoena").

Despite the Subpoena's procedural and substantive defects, Exegy attempted to work with Realtime on reasonable terms that proved unsuccessful when Realtime failed to address any of Exegy's concerns. Realtime's Subpoena issued from the Southern District of New York, and requested that Exegy produce its highly confidential source code to Realtime, and a witness to testify on various matters in New York. Exegy's highly confidential source code and potential witness, however, are located in Missouri, not New York. In fact, Exegy does not maintain a place of business in New York,[1] and none of its employees who are familiar with the source code requested by the Subpoena reside or work in New York. Exegy timely served objections to

_____

[1] Exegy once had an arrangement with a marketing company in New York, which included informal access to office space of what it believed to be an office of the marketing company. This arrangement ended in 2010. Exegy still has a registered agent in New York. The registered agent does not have access to Exegy's source code and would not be qualified to respond to the Subpoena.

Realtime's Subpoena, including that the Subpoena placed an undue burden on Exegy, was procedurally improper, and that Realtime had failed to provide for reasonable protection for any information that Realtime sought. *See* Declaration of Marisa Sarig, dated May 11, 2012 ("Sarig Decl."), Exs. 1 & 2.

Realtime and Exegy discussed Exegy's concerns over several conversations and letters. Exegy expressed that it would cooperate with Realtime despite the Subpoena's defects, if steps were taken to reduce the burden on Exegy, and to protect Exegy's highly confidential source code. *Id.* at Ex. 3.

Exegy proposed that any production or inspection of its highly confidential source code or deposition would occur in St. Louis, rather than New York, and the parties discussed sending the source code to Realtime in lieu of travelling to St. Louis. Exegy further proposed that the parties enter into a Stipulated Protective Order that was enforceable in Exegy's home forum, the Eastern District of Missouri. Realtime proposed that Exegy agree to enforce the Protective Order in the Southern District of New York or the Eastern District of Texas, two forums where Exegy does not reside, because those forums were negotiated by the parties to the underlying suits.

To expedite Realtime's receipt of the information requested by the Subpoena, Exegy was also willing to make its production prior to the actual entry of a Protective Order in Missouri, if Realtime entered a contract limiting the disclosure of Exegy's highly confidential source code. Exegy, at its own expense, and after consultation with Realtime, prepared drafts of all of these documents. Realtime proposed that Exegy provide authenticating declarations in lieu of a deposition. Realtime then rejected Exegy's proposal and indicated it would file a motion to compel compliance with its procedurally improper Subpoena. On May 8, 2012, counsel for

Realtime demanded Exegy's compliance with the terms of the Subpoena without consideration of Exegy's concerns.

This Court should quash or modify the Subpoena because (1) all persons who are qualified to serve as a deponent reside and work in St. Louis, Missouri, which is beyond the 100-mile limit in Rule 45(c)(3)(ii); and (2) to produce the source code, Exegy must have two of its employees abandon their normal job duties for approximately one week each while they identify and extract the source code to prepare it for production – an undue burden on third-party Exegy.

## ARGUMENT

### I.    This Court Should Quash the Subpoena Because it Violates the 100-Mile Limit in Rule 45(c)(3)(A)(ii)

"If the deponent is not a party, and does not consent to attend, his or her attendance must be enforced by subpoena under Rule 45."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2004).  Rule 45(c)(3)(A)(ii) provides further that the court *must*, on timely motion, quash or modify a subpoena that "requires a person who is neither a party nor party's officer to travel more than 100 miles from where that party resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(3)(A)(ii).

Here, pursuant to the Subpoena, Exegy must designate an individual to testify about various topics pertaining to its source code.  Sarig Decl., Ex. 1.  Realtime scheduled the deposition at the office of its counsel in New York, New York.  *Id.*  The individuals best-suited to testify about the designated topics, reside in St. Louis, Missouri, and are employed at Exegy's corporate headquarters in St. Louis, Missouri.  *See* Declaration of Ronald S. Indeck, Ph.D, dated May 11, 2012 ("Indeck Decl.") at ¶¶ 4-5.  In fact, none of Exegy's employees who have knowledge of its source code work in the State of New York.  *Id.* at ¶ 5.  Accordingly, this Court

should quash the Subpoena because it requires Exegy to produce a witness outside the 100-mile limit in Rule 45(c)(3)(A)(ii).[2]

## II. This Court Should Quash the Subpoena Because Exegy Will Suffer an Undue Burden if it is Forced to Produce the Source Code

Non-parties deserve special protection from unduly burdensome subpoenas. *See Forman Prod. Liab. Litig.*, No. 1:06-MD-1789, 2009 WL 2395899, at *3 (S.D. N.Y. Aug. 4, 2009) ("In general, third parties are afforded more sympathy in weighing the burden of discovery because they have no personal stake in the litigation."); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[The nonparties] have no dog in [the] fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). For this reason, Rule 45(c) safeguards non-parties' resources by obliging the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and by mandating that any unduly burdensome subpoenas be quashed. Fed. R. Civ. P. 45(c)(1), (3)(iv). Whether a subpoena is unduly burdensome depends in part on whether the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(1)-(2).

Here, the Subpoena requests that Exegy produce source code at the office of its counsel in New York, New York. Sarig Decl., Ex. 1. To comply with this request, Exegy must take two of its managers away from their normal job duties and ask them to spend up to two weeks

---

[2] Under Rule 45(a)(2), for attendance at a deposition or for production of documents, the district court where the deposition is to be taken or where the production is to be made must issue the subpoena. Fed. R. Civ. P. 45(a)(2). Here, because Exegy's witness resides and works in the Eastern District of Missouri, the Federal District Court for the Eastern District of Missouri must issue any subpoena directed to the witness.

(approximately 80 hours) identifying, extracting, and preparing the source code for production. *See* Indeck Decl. at ¶ 7. Production will also demand between 4-6 hours of executive time spent coordinating and overseeing the production. *Id.* The total cost of this endeavor will exceed $24,000. *Id.* at ¶ 8. In *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49-53 (S.D. N.Y. 1996), the Court quashed a subpoena directed to a third-party witness in part because "managers and employees ... will be required to spend substantial time in helping to collect [the] documents." Observing that non-parties are entitled "to consideration regarding expense and inconvenience," the Court held that the subpoena subjected the witness "to an undue burden in contravention of the terms of Rule 45(C)(3)(A)." *Id.* at 52-53. The same result should follow here.

As an alternative to producing the documents in New York, Exegy proposed that Realtime send one of its representatives to Exegy's corporate headquarters in St. Louis, Missouri, to inspect the source code. Considering Exegy's status as a third-party to this lawsuit, this Court should quash the Subpoena and enter an order providing that any inspection of Exegy's source code must occur at Exegy's corporate office in St. Louis, Missouri.[3]

---

[3] Alternatively, Exegy states that it will produce the source code pursuant to the Subpoena on the condition that Realtime pay Exegy for the developer time necessary to extract the source code and prepare it for production. *See* Fed. R. Civ. P. 45(c); 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2670 (3d ed. 2004) ("Rule 45(c) sets forth, as a means for the court to protect persons subject to a subpoena duces tecum from undue burden or expense, the power to impose costs on the party who issued the subpoena.")

Also, if this Court finds that the Subpoena meets the procedural requirements of the federal rules, Exegy expressly reserves its right to challenge the substantive aspects of the subpoena.

## CONCLUSION

For the reasons stated herein, Exegy respectfully requests this Court quash or modify the

subpoena issued by Plaintiff Realtime Date, LLC d/b/a IXO.


Dated: New York, New York
          May 11, 2012

By: _____
Maura J. Wogan
Marisa Sarig
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120
mwogan@fkks.com
msarig@fkks.com

THOMPSON COBURN, LLP
Alan H. Norman*
Brian A. Lamping*
Matthew A. Braunel*
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
anorman@thompsoncoburn.com
blamping@thompsoncoburn.com
mbraunel@thompsoncoburn.com
*pro hac vice motions to be filed

*Attorneys for Third Party Exegy Incorporated*