```
                                            ┌─────────────────────────┐
                                            │ USDC SDNY               │
                                            │ DOCUMENT                │
UNITED STATES DISTRICT COURT                │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK               │ DOC #:___               │
                                            │ DATE FILED: MAY 17 2012 │
                                            └─────────────────────────┘
```

```
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,         :
                                      :       11 Civ. 6696 (KBF)
                        Plaintiff,    :       11 Civ. 6701 (KBF)
                                      :       11 Civ. 6704 (KBF)
            -v-                       :
                                      :
MORGAN STANLEY, et al.,               :
                                      :
                        Defendants.   :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,         :
                                      :       11 Civ. 6697 (KBF)
                        Plaintiff,    :       11 Civ. 6699 (KBF)
                                      :       11 Civ. 6702 (KBF)
            -v-                       :
                                      :
CME GROUP INC., et al.                :
                                      :
                        Defendants.   :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,         :
                                      :       11 Civ. 6698 (KBF)
                        Plaintiff,    :       11 Civ. 6700 (KBF)
                                      :       11 Civ. 6703 (KBF)
                                      :
            -v-                       :
                                      :
THOMSON REUTERS, et al.               :
                                      :
                        Defendants.   :
------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

This Court has received three separate sets of letter briefing relating to plaintiff Realtime Data LLC's ("Realtime") subpoenas for third-party production of source code and an authenticating deposition or declaration relating thereto. The Court's orders as to each of these disputes are as follows:

1. The dispute between Realtime and SunGard seems to be on an appropriate path to resolution based upon the email from counsel for Realtime dated May 16, 2012 which conceded that Realtime agreed "to defer ruling for another seven days" in order to be able to meet and confer with SunGuard. This Court will disregard the motion to compel at this time and the parties should refile their papers should they continue to require a ruling.

2. As to the dispute between Realtime and Exegy, (a) Exegy shall produce the source code from the network through and including the FAST decoder, in intelligible form, on paper marked "HIGHLY CONFIDENTIAL - SOURCE CODE" under the Protective Order from this Court, to Realtime's outside counsel and the outside counsel of the defendant who identified Exegy as its source code provider, and (b) Exegy shall either submit to an authenticating deposition in St. Louis, or meet and confer in good faith regarding an authenticating declaration in lieu of deposition (if a declaration is agreed upon, a deposition shall not be required). Exegy shall provide the source code no later than May 23, 2012.

3. As to the dispute between Realtime and Redline, the Court finds the source code sufficiently relevant under Fed. R. Civ. P. 26 to the issues in this litigation to require its production. Realtime and Redline shall split the cost of

utilizing Iron Mountain as an escrow holder for the subject source code. The subject source code shall be placed in the Iron Mountain escrow no later than May 23, 2012. The source code so produced shall be considered "highly confidential" (and marked accordingly pursuant to the protective order in this action) and access shall be restricted to outside counsel for plaintiff and outside counsel for the defendant of the company who utilizes products associated with that source code. Redline shall, similar to the process referenced in no.2 above, either submit to an authenticating deposition, or provide an authenticating declaration.

The Clerk of the Court is directed to terminate the motion to quash by Exegy at Docket No. 464 in Case No. 11 Civ. 6696, at Docket No. 612 in Case No. 11 Civ. 6697, and at Docket No. 345 in Case No. 11 Civ. 6698.

SO ORDERED.

Dated:   New York, New York
         May 17, 2012

                              _____
                              KATHERINE B. FORREST
                              United States District Judge