IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § § § | |
| Plaintiff, | § § | No. 11 Civ. 6696 (KBF) |
| v. | § § | No. 11 Civ. 6701 (KBF) |
| | § | No. 11 Civ. 6704 (KBF) |
| MORGAN STANLEY, ET AL., | § § § | |
| Defendants. | § | ECF Case |
| ------------------------------------------------------X | | |
| REALTIME DATA, LLC D/B/A/ IXO, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 11 Civ. 6697 (KBF) No. 11 Civ. 6699 (KBF) |
| | § | No. 11 Civ. 6702 (KBF) |
| CME GROUP INC., ET AL., | § § § | |
| Defendants. | § | ECF Case |
| ------------------------------------------------------X | | |
| REALTIME DATA, LLC D/B/A/ IXO, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 11 Civ. 6698 (KBF) No. 11 Civ. 6700 (KBF) |
| | § | No. 11 Civ. 6703 (KBF) |
| THOMSON REUTERS, ET AL., | § § § | |
| Defendants. | § | ECF Case |
| ------------------------------------------------------X | | |

**REPLY IN SUPPORT OF REALTIME'S MOTION TO
SUPPLEMENT THE RECORD REGARDING THE PENDING
MARKMAN CLAIM CONSTRUCTION MOTIONS**

McKool 446188v1

In opposing Realtime's Motion to Supplement the Record Regarding the Pending Markman Claim Construction Motions, Defendants do not dispute that:

- During the Court's Markman hearing, Defendants' counsel for the first time asserted that FAST is a lossy compression technique.
- During the Markman hearing, Defendants' counsel specifically referenced nine declarations submitted by Realtime during various reexamination proceedings, yet Defendants submitted only partial copies of six of those declarations to the Court.[1]

As to the first category of information, Exhibits 1-4 relate to the definition of the disputed term "lossless" and, specifically, to rebutting Defendants' newly raised argument that "stop-bit" encoding, used by the FAST standard, is a lossy compression technique. In addition, while Defendants cite a portion of Dr. Shamos' testimony regarding his understanding of the terms "identical" and "exact representation" (Def. Br. at 3), Dr. Shamos also explained that he "rejected the idea that the receiver is compelled to do something [recreate the data from what was originally compressed; necessarily make it exactly the same in order for it to be lossless]. Whatever they do might affect whether the encoding was lossless or not. They are just totally decoupled" (Hr. Tr. 36:24 - 37:9).

Moreover, contrary to Defendants' arguments, "[i]t is not inappropriate for a court to consider the accused devices when construing claim terms." *See, e.g.*, *Typhoon Touch Techs., v. Dell, Inc.*, 659 F.3d 1376, 1383 (Fed. Cir. 2011). Indeed, during the Markman hearing, counsel for Defendant International Securities Exchange, LLC noted the "central dispute here over what is meant by 'exact representation' and stop bit encoding" (Hr. Tr. at 268) and the Court expressed interest in how the term "lossless" relates to Defendants' use of FAST (*id.* at 267).

---

[1] Realtime did not seek to supplement the record with the other three declarations as complete copies of those declarations were already submitted by Defendants to the Court.

Regarding the second category of information, although Defendants included selected portions of the nine declarations as exhibits to their Markman brief, it was not until the Markman hearing that Defendants based their arguments regarding the term "data stream" on those truncated declarations. In fact, in their opening Markman brief, Defendants pointed only to Realtime's arguments during the reexaminations. (Def. Op. Mar. Br. at 13-14.)

Finally, Defendants' complaint that Realtime "improperly waited until its responsive brief to provide its construction of several terms, including 'data stream'" (Def. Br. at 2), is misplaced and irrelevant. As part of the claim construction schedule and briefing ordered by the Court, the parties exchanged their respective preliminary claim constructions and disclosure of supporting evidence. The parties also exchanged counter-proposal claim constructions and engaged in a series of meet and confer conferences to narrow the claim construction disputes requiring the Court's resolution. Thus, prior to submitting their opening Markman brief, Defendants were aware of Realtime's proposed constructions and positions for the term "data stream" (a term which Defendants' contended required construction by the Court) as well as the other terms for which Defendants had served preliminary constructions. Indeed, in providing its counter-proposal for the term "data stream," Realtime noted that it was relying on the *Packeteer* Court's prior construction for that term, which adopted Realtime's arguments and positions briefed in that litigation. Thus, Defendants' assertion that they were "prevent[ed] . . . from responding to [Realtime's] construction" is contradicted by the record.

Accordingly, and for the reasons set forth in its motion and opening brief, Realtime respectfully requests that the record regarding the pending Markman claim construction motions be supplemented to include Exhibits 1-11 to the May 15, 2012 Declaration of Daniel J. Melman.

DATED: May 21, 2012                     RESPECTFULLY SUBMITTED,

**McKool Smith, P.C.**

*/s/ Dirk D. Thomas*
Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
Daniel J. Melman
dmelman@mckoolsmith.com
Lauren L. Fornarotto
lfornarotto@mckoolsmith.com
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Dirk D. Thomas
dthomas@mckoolsmith.com
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344
**ATTORNEYS FOR PLAINTIFF
REALTIME DATA, LLC D/B/A/ IXO**

McKool 446188v1

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing document were served via email to all counsel of record on May 21, 2012.

/s/ Daniel J. Melman
Daniel J. Melman

McKool 446188v1