

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212)735-3000
DIRECT FAX
(212)735-2000/1
EMAIL ADDRESS
DANIEL.DEVITO@SKADDEN.COM

June 1, 2012

**_VIA E-MAIL_**
**_(Hard copy to be delivered to chambers)_**
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

RE: *Realtime Data, LLC v. Morgan Stanley, et al.*,
Consolidated Case Nos. 1:11-cv-6696, -6701, -6704 (S.D.N.Y.)

Dear Judge Forrest:

    We write on behalf of the Morgan Stanley, Goldman Sachs, J.P. Morgan, and Credit Suisse Defendants (collectively, "Defendants") in response to the letter sent to the Court by Realtime on May 30, 2012 regarding "Topic 5" discovery.

    As an initial matter, we reject Realtime's suggestion that Defendants are engaging in any kind of "discovery gamesmanship." The dispute between the parties concerning Topic 5 at this point is well-worn and need not be rehashed, particularly in light of the Court's May 10 finding that Defendants have presented "serious arguments" as to the relevance of the discovery requested by Realtime. (Dkt. No. 462 at 3.) However, the Court's May 10 order recognized "the various sensitivities that the provision of the discovery sought may carry" and provided three alternatives "to be chosen at the option of the moving Bank Defendants" for Realtime's requested "Topic 5" discovery. (*Id.* at 4.) That Defendants have opted to provide the information called for in the Court's Option 3 of the May 10 order simply cannot give rise to a colorable claim of improper conduct. Moreover, that the Defendants have not yet been able to produce this information to Realtime is also insufficient to justify any motion practice. The collection of this information is a complex process, involving consultations with multiple, wholly separate business units within each Defendant to identify the information falling within the scope of Option 3. Defendants are well on their way to obtaining this information and are aiming to produce this information by the close of discovery on June 4.

    Realtime's requested relief is also inappropriate. Under the guise of a motion to compel, Realtime actually seeks, yet again, to open the door to even more discovery. Specifically, in

Hon. Katherine B. Forrest
June 1, 2012
Page 2

addition to the information required under Option 3, Realtime now seeks all documents "directed to the relationship between latency and trading volume and profits." (May 30, 2012 Realtime Letter at 3.) This demand not only ignores the Court's Order, which set forth the three individual options as the sum total of discovery for Topic 5, but also would extend discovery beyond Realtime's own previous representations that it was limiting its requests to materials for "latency-sensitive trading systems." (Dkt. No. 462 at 3.) What is more, the extremely broad information requested by Realtime in its May 30 letter bears upon the highly proprietary inner workings of Defendants' latency-sensitive trading systems that were precisely the focus of Defendants' March 27 and April 27 requests for protective orders, on which the Court has already ruled. (*See* Dkt. No. 425; Dkt. No. 462.) For all of the reasons set forth in the multitude of letters the Defendants have previously submitted on this issue, Defendants respectfully request that Realtime's request for additional Topic 5 discovery beyond Option 3 of the May 10 order be denied.

Respectfully submitted,

/s/ *Daniel A. DeVito*
Daniel A. DeVito

Attorney for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated, The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Execution & Clearing, L.P., J.P. Morgan Chase & Co., J.P. Morgan Securities, Inc., and J.P. Morgan Clearing Corp.

/s/ *Gregory H. Lantier*
Gregory H. Lantier

Attorney for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse Holdings (USA) Inc.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

cc: Counsel for Realtime
    Counsel of Record

Ordered
---
Please let me know if this information has been produced (option 3 for Topic 5) -- and, if not, a later

6/5/12   K. B. Forrest
              USDJ