```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 6 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :    11 Civ. 6696 (KBF)
                    Plaintiff,         :    11 Civ. 6701 (KBF)
                                       :    11 Civ. 6704 (KBF)
           -v-                         :
                                       :
MORGAN STANLEY, et al.,                :
                                       :
                    Defendants.        :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :    11 Civ. 6697 (KBF)
                    Plaintiff,         :    11 Civ. 6699 (KBF)
                                       :    11 Civ. 6702 (KBF)
           -v-                         :
                                       :
CME GROUP INC., et al.                 :
                                       :
                    Defendants.        :
------------------------------------- X
REALTIME DATA, LLC d/b/a IXO,          :
                                       :    11 Civ. 6698 (KBF)
                    Plaintiff,         :    11 Civ. 6700 (KBF)
                                       :    11 Civ. 6703 (KBF)
           -v-                         :
                                       :    OPINION AND ORDER
THOMSON REUTERS, et al.                :    (Partial Motion for
                                       :    Summary Judgment re
                    Defendants.        :    Written
------------------------------------- X    Description: "Data
                                            Packets")

KATHERINE B. FORREST, District Judge:

The instant motion is one of two motions for partial summary judgment by defendants[1] seeking invalidation of certain

---

[1] The original moving defendants are the so-called "Exchange Defendants"--i.e., NYSE Euronext, NYSE ARCA, Inc., NYSE AMEX, LLC, Securities Industry Automation Corporation, Options Price Reporting Authority, LLC, International Securities Exchange, Boston Options Exchange Group LLC, CME Group Inc., Board of Trade of the City of Chicago, Inc., New York Mercantile Exchange, Inc., Chicago Board Options Exchange, Incorporated, BATS Trading, Inc., NASDAQ OMX Group, Inc., and NASDAQ OMX PHLX, Inc. (11 Civ. 6697, Dkt. No. 570). On

1

claims in the patents at issue in this litigation. The basis for this motion is that certain claims in the specifications for the patents owned by plaintiff Realtime Data, LLC d/b/a IXO's ("Realtime") fail to comply with the written description requirement of 35 U.S.C. § 112.

The three patents at issue in the lawsuit, and that play a role in this motion, are Patent Nos. 7,417,568 ("the '568 Patent"), 7,714,747 ("the '747 Patent"), and 7,777,651 ("the '651 Patent"). Both the '747 and the '651 Patents are continuations in part of prior applications. The '747 is based on a U.S. Patent Application No. 11/651,365 ("the '365 Patent App."). The '365 Patent, in turn, claims priority to a series of applications dating back to October 29, 2001 (U.S. Patent App. No. 10/016,355), which is a continuation in part of applications dating back to December 11, 1998.

Defendants argue that claims in the '747 Patent (1, 7-8, 13-14, 18-19 and 22), the '568 Patent (20, 22-23, and 32), and the '651 Patent (4, 15-16, 18, 24-25, 34, 37, 45-47, 61, 63, 93-95, 110-112 and 116-118) are unsupported by the specifications

---

April 4, 2012, the so-called "Data Provider Defendants"--Thomson Reuters Corporation, Factset Research Systems, Inc., Bloomberg L.P., Interactive Data Corporation, Penson Worldwide, Inc. and Nexa Technologies, Inc.--joined in the motion (11 Civ. 6698, Dkt. No. 316), as did the so-called "Bank Defendants"-- BNY ConvergEx Group LLC, BNY ConvergEx Execution Solutions LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse Securities (USA) LLC, The Goldman Sachs Group, Inc., Goldman Sachs & Co., Goldman Sachs Execution & Clearing, L.P., HSBC Bank USA, N.A., HSBC Securities (USA), Inc., J.P. Morgan Chase & Co., J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp., Morgan Stanley, and Morgan Stanley & Co., Inc. (11 Civ. 6696, Dkt. No. 427).

to which they relate. In brief, defendants claim that the specification to which the '747 Patent relates does not sufficiently disclose "data packets" as used in the claims; and that the common specification to which the '568 and '651 Patents relate do not sufficiently disclose "packet to packet dependency," "packet independent data encoding," "the memory resets the adaptive table at a determinate point of the data packet," "resetting one or more of the adaptive local state machines at a determinate point of the encoded data path," "using a synchronization system, wherein the financial data stream includes a plurality of synchronization points," and "executable files."

On a motion for summary judgment, determining whether the requirements of 35 U.S.C. § 112 have been met requires that this Court ask questions regarding the allegedly missing descriptive matter from the perspective of one of ordinary skill in the art. See Ariad Pharms., Inc. v. Eli Lilly and Co., 598 F.3d 1336, 1354 (Fed. Cir. 2010). To invalidate a patent on that basis, the Court must have before it clear and convincing evidence. See Trimed, Inc. v. Stryker Corp., 608 F.3d 1333, 1340 (Fed. Cir. 2010); Laryngeal Mask Co. Ltd. V. Ambu A/S, 618 F.3d 1367, 1373-74 (Fed. Cir. 2010).

Here, the Court has no such evidence before it: defendants failed to submit a declaration of one skilled in the art in

support of their motion; plaintiff submitted a declaration from its proposed expert, Dr. Michael Ian Shamos, supporting its view that there is sufficient written disclosure as required by 35 U.S.C. § 112 to support each of the claims.

On the record before this Court, defendants have not met their burden of showing invalidity by clear and convincing evidence. Accordingly, this motion for partial summary judgment is DENIED.

## DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when there is no genuine issue of fact. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Conclusory or speculative assertions are insufficient to create a material issue of fact. Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995).

Issued patents carry a presumption of validity. 35 U.S.C. § 282. As stated, a party seeking to invalidate a patent at summary judgment must submit "clear and convincing evidence of facts underlying invalidity" such that no reasonable fact finder could find otherwise. See Trimed, Inc., 608 F.3d at 1340; Laryngeal Mask Co. Ltd., 618 F.3d at 1373-74.

B.  The Written Description Requirement

35 U.S.C. § 112 provides, in pertinent part, that a patent specification

> shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

35 U.S.C. § 112.

Section 112 requires that the specification to which a patent and its claims relate point out, and distinctly claim, the subject matter which the applicant regards as his invention. Id.; see also Ariad Pharms., 598 F.3d at 1354 (the written description requirement "is part of the quid pro quo of the patent grant and ensures that the public receives a meaningful disclosure in exchange for being excluded from practicing an invention for a period of time"); Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005); Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1330 (Fed. Cir. 2003)(a patent application must 'recount his invention in such detail that his future claims can be determined to be encompassed within his original creation.'" (citations omitted)).

In determining whether a specification is sufficiently definite, a court must determine whether those skilled in the

5

art would understand the scope of the claim when the claim is read in light of the remainder of the specification to which it relates. See Union Pac. Res. Co. v. Chesapeake Energy Corp., 236 F.3d 684, 692 (Fed. Cir. 2001). In other words, the Court must ask the critical question: would one skilled in the art understand the scope of the claim, when that claim is read in light of the remainder of the specification to which it relates? See id. As the Ariad Court posed it: does the disclosure of the application relied upon reasonably convey "to those skilled in the art that the inventor had possession of the claimed subject matter" as of the filing date? Ariad Pharms., 598 F.3d at 1351. "The test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." Id. Sometimes disclosure is inherent; in order for this to be determined, one skilled in the art must examine the disclosure for evidence that the missing descriptive matter was present in the original application(s). See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co., 264 F.3d 1111 (Fed. Cir. 2001.)

Determining whether a patent claim fails to meet the definiteness and written description requirements of 35 U.S.C. § 112 requires both legal and factual determinations. See IGT v. Bally Gaming Int'l, Inc., 659 F.3d 1109, 1119 (Fed. Cir. 2011).

C.   Analysis

Defendants fail to support their motion with any declaration or affidavit--or any other evidence--from one skilled in the art regarding the disputed terms in the respective specifications of the '747, '568, or '651 Patents. That deficiency is fatal. It may well be the case that defendants believe that a review of the specifications to which each of the patents traces back clearly lacks the necessary written description; but this Court is not one skilled in the art and cannot make that determination unassisted. That is particularly so when Dr. Shamos, on behalf of plaintiff, has offered a declaration supporting the view that the specifications are sufficient.

Even if this Court were, however, to ignore Dr. Shamos' declaration for reasons urged by defendants (e.g., that it is conclusory and contains what is more akin to legal argument than information based on technical expertise), the Court nonetheless lacks sufficient basis to invalidate issued claims based on the current record--i.e., a record based nearly entirely on lawyer argument (if Dr. Shamos' declaration is discounted).

It is clear, and defendants acknowledge, that a specification need not use precisely the same words in an original specification in order for an invention to be covered. (See Mem. of Law in Support of Defs.' Mot. for Summ. J. (Dkt.

7

No. 571) at 4 (citing TurboCare).)  Thus, the task before this Court is not simply to read the specifications and see whether as a matter of English language the words at issue are used in a particular manner.  The questions posed must be answered by one skilled in the art; this Court is not.

Accordingly, while this Court has spent considerable time studying the parties' submissions, there is no need for a lengthy opinion given the fundamental basis upon which this ruling is based.

## CONCLUSION

For the reasons set forth above, defendants' motion for partial summary judgment (Dkt. No. 570) is DENIED.

The Clerk of the Court is directed to terminate the motion at 11 Civ. 6697, Dkt. No. 570.

SO ORDERED:

Dated:   New York, New York
         June 26, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge