

# MCKOOL SMITH

Robert A. Cote
Direct Dial: (212) 402-9402
rcote@mckoolsmith.com

One Bryant Park
47th Floor
New York, New York 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

June 25, 2012

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 15A
New York, NY 10007

> RE:   *Realtime Data v. CME, et al.*, No. 1:11-cv-6697 (S.D.N.Y.)
> *Realtime Data v. Morgan Stanley*, No. 1:11-cv-6696 (S.D.N.Y.)
> *Realtime Data v. Thomson Reuters, et al.*, No. 1:11-cv-6698 (S.D.N.Y.)

Dear Judge Forrest:

We write on behalf of Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") to respectfully request that this Court limit the overwhelming number of anticipation and obviousness challenges presented in Defendants' proposed expert, Dr. James A. Storer's Invalidity Expert Report (the "invalidity report").

Pursuant to the parties' agreement and the Court's scheduling order, on June 15, 2012, Realtime and Defendants served their respective infringement and invalidity expert reports. In addition to other validity challenges, Dr. Storer's invalidity report includes an astronomical— literally trillions—of potential obviousness combinations that Dr. Storer believes render the asserted claims invalid.[1]  Specifically, Dr. Storer apparently intends to opine on any possible combination of at least 28 primary references, and in an appendix served along with his invalidity report (itself over 200 pages long), Dr. Storer identifies an average of 30 references for each element of each of the asserted claims.  Realtime's expert, Dr. Michael Shamos, has calculated the total number of potential combinations in Dr. Storer's report which he would have to rebut to be $10^{215}$—more combinations of prior art than the number of atoms in the Universe.

---

[1] Dr. Storer's beliefs are belied by the Patent Office's confirmation last week of all claims of U.S. Patent No. 7,777,651 that were put into reexamination by defendant CME and the Patent Office issued an Action Closing Prosecution. All claims of another of Realtime's patents-in-suit, U.S. Patent 7,714,747, were likewise confirmed in reexamination in October 2011 and all asserted claims from Realtime's only other patent-in-suit, U.S. Patent 7,417,568, have also been confirmed by the Patent Office.

The Honorable Katherine B. Forrest
June 25, 2012
Page 2

Notably, Dr. Storer's appendix is nothing more than string citations to prior art references against elements of the claims without any analysis or explanation of why Dr. Storer believes that the alleged prior art renders the asserted claims obvious. *Cf.* Judge Forrest's Revised Procedures for Patent Cases at 1.c.ii (in connection with serving invalidity contentions, "[i]f obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious"). Plainly, such an overwhelming number of obviousness combinations—with no explanation as to how those combinations render the asserted claims obvious—fails to serve the notice function of F.R.C.P. Rule 26.   Additionally, to the extent Dr. Storer has provided any obviousness explanations in his report, those opinions are prima facie deficient as they fail to apply the alleged prior art references to entire claims. *Graham v. John Deere*, 383 U.S. 1, 15-17 (1966); *Kahn v. General Motors*, 135 F.3d 1472, 1479-80 (Fed. Cir. 1998).[2]

Because Dr. Shamos' rebuttal report on invalidity is due on July 9, 2012, the current stage of this litigation, and the fact that the invalidity report does not comport with this court's rules, Defendants should be directed to focus the issues for trial and reduce the number of their invalidity arguments.   Realtime believes that a reasonable number of 102/103 arguments proffered by Defendants should amount to no more than two allegedly anticipating references and two or three obviousness combinations per asserted claim.   Although Realtime has already reduced the number of asserted claims from more than 200 to 49, we are prepared to reduce the number of asserted claims to 24 or less within one week of the Court's Markman ruling.

Realtime's counsel has attempted to meet and confer with Defendants' counsel about the above, but has not received a response.   Therefore, Realtime seeks relief from the Court and respectfully requests that Defendants be ordered by a date certain to provide a letter identifying to Realtime no more than two allegedly anticipating references and two or three obviousness combinations per asserted claim.

Sincerely,

/s/ *Robert A. Cote*

Robert A. Cote

6/26/12

cc:  Counsel for Defendants

*Ordered*

*Please provide the Court with Dr. Storer's invalidity report. Defendants' shall respond to this letter by 6/29/12.*

*Katherine B. Forrest, USDJ*

---

[2] Realtime is not requesting that the Court order Defendants to provide further details or new theories than what is already in their invalidity contentions.  Realtime intends to move *in-limine* or via Daubert motion at the appropriate time under the Court's scheduling order to exclude any reference at trial to such legally insufficient challenges to validity.