UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO, | Civil Action No. 1:11-cv-6697 (KBF) |
| Plaintiff, | Civil Action No. 1:11-cv-6699 (KBF) |
| -against- | Civil Action No. 1:11-cv-6702 (KBF) |
| CME GROUP INC., et al., | PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN |
| Defendants. | DISPUTE |

-------------------------------------------------------------x

Pursuant to Rule 56.1 (b) of the Local Civil Rules for the United States District Court for the Southern District of New York, Plaintiff, Realtime Data, LLC d/b/a IXO ("Realtime"), submits the following response to Statement of Undisputed Facts submitted by Defendants CME Group Inc., Board of Trade of the City of Chicago Inc., and New York Mercantile Exchange Inc (the "CME Defendants").

**THE ASSERTED PATENTS AND THEIR FAMILIES**

<u>CME Defendants' Statement No. 1</u>

> Realtime Data, LLC ("Realtime") is asserting claims 15, 20, 22, and 32 of the '568 patent; claims 1, 8, 14, and 19 of the '747 patent; and claims 1, 4, 7, 12, 13, 15, 16, 18, 19, 21, 22, 24-26, 29, 34, 35, 43, 45-47, 49, 60, 61, 63, 64, 67, 91-95, 97, 108, 110-112, and 115-118 of the '651 patent (See Exh. R, Letter from Dirk Thomas to All Defendants' Counsel of June 1, 2012.)

<u>Realtime Response to CME Defendants' Statement No. 1</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 2</u>

As depicted below, the '747 Patent is the only asserted patent in its family:

1

McKool 451459v1



<u>Realtime Response to CME Defendants' Statement No. 2</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 3</u>

The '747 patent has 22 claims. (See Exh. A)   The patents that share the same specification as the '747 patent are: U.S. Patent Nos. 6,624,761, which has 22 claims (Exh. S); 7,161,506, which has 99 claims (Exh. T); 7,358,867, which has 35 claims (Exh. U); 7,378,992, which has 45 claims (Exh. V); and 7,352,300, which has 65 claims (Exh. W).

<u>Realtime Response to CME Defendants' Statement No. 3</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 4</u>

2

The pending patent applications that share the same specification as the '747 patent include at least: Application Nos. 12/703,042, in which 96 claims are currently being prosecuted (Exh. X), and 13/154,211, in which 21 claims are currently being prosecuted (Exh. Y).

<u>Realtime Response to CME Defendants' Statement No. 4</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 5</u>

As depicted below, the '568 and '651 patents are both in a second family:



<u>Realtime Response to CME Defendants' Statement No. 5</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 6</u>

The '568 patent has 70 claims and the '651 patent has 123 claims. U.S. Patent No. 7,400,274 shares the same specification as the '568 and '651 patents and has 30 claims. (Exh. Z.)

Realtime Response to CME Defendants' Statement No. 6

*Realtime does not deny this statement.*

CME Defendants' Statement No. 7

The pending patent applications that share the same specification as the '568 and '651 patents include at least Patent Application No. 12/857,238, in which 51 claims are currently being prosecuted (Exh. AA).

Realtime Response to CME Defendants' Statement No. 7

*Realtime does not deny this statement.*

CME Defendants' Statement No. 8

During re-examination, the Patent Office found claim I of the '568 patent invalid as obvious over prior art, and Realtime declined to appeal that decision. *See* Exh. D (Non-Final Office Action in '568 Reexamination, Patent Office Control Number 95/001,533) at 22-25 (rejecting Claim I as obvious over prior art); *see also* Exh. E (Realtime's Reply to Action Closing Prosecution) at II (retracting arguments rebutting Examiner's rejection of, *inter alia*, Claim I "thereby eliminat[ing] any issues that could have been appealed").

Realtime Response to CME Defendants' Statement No. 8

*Realtime does not deny this statement.*

## PRIOR ART

CME Defendants' Statement No. 9

Financial data feeds were known by persons of ordinary skill in the art before the priority date of the asserted patents. *See* '651 Patent at 1:34-4:13 (referring to prior art financial data feeds and describing "proprietary systems, such as Thomson, Bloomberg, Reuters and Bridge information.").

Realtime Response to CME Defendants' Statement No. 9

*Realtime does not deny this statement.*

CME Defendants' Statement No. 10

4

Difference encoding was known by persons of ordinary skill in the art before the priority date of the asserted patents. *See, e.g.*, Exh. F (RFC 2507: "IP Header Compression"; Mikael DegerMark et al.; 1999) at 7 ("**Differential coding** A compression technique where the compressed value of a header field is the difference between the current value of the field and the value of the same field in the previous header belonging to the same packet stream.").

<u>Realtime Response to CME Defendants' Statement No. 10</u>

*Realtime denies this statement. Difference encoding as described and claimed in one or*

*more asserted patents was not in the prior art.*

<u>CME Defendants' Statement No. 11</u>

Packet-independent encoding was known by persons of ordinary skill in the art before the priority date of the asserted patents. *See, e.g*, Exh. M (U.S. Patent No. 6,388,584 to Dorward) at 3:15-28 ("[if] the receIver may not be able to decompress a particular packet if a prior packet IS lost due to the interdependencies amongst packets . . . [then] compression can be used wherein each packet is compressed independently thereby ensuring that each packet can be decompressed at the receiver.").

<u>Realtime Response to CME Defendants' Statement No. 11</u>

*Realtime denies this statement. Packet-independent encoding as described and claimed*

*in one or more asserted patents was not in the prior art.*

<u>CME Defendants' Statement No. 12</u>

Real-time encoding was known by persons of ordinary skill in the art before the priority date of the asserted patents. *See, e.g*, Exh. N (U.S. Patent No. 4,956,808 to Aakre) at 1:54-2:9 (describing "[a] real time data transformation and transformed data transmission device is provided which compresses data provided from a first data medium and provides the compressed data to a second data medium which accepts data at a rate slower than the rate at which the first data medium provides data.").

<u>Realtime Response to CME Defendants' Statement No. 12</u>

*Realtime denies this statement. Real-time encoding as described and claimed in one or*

*more asserted patents was not in the prior art.*

<u>CME Defendants' Statement No. 13</u>

Providing a descriptor to identify a selected encoder was known by persons of ordinary skill in the art before the priority date of the asserted patents. See ¶ 8 *supra* (re-

McKool 451459v1

examination rejection of Claim I of the '568 patent, which contains a descriptor limitation, as obvious over prior art). *See also. e.g,* Exh. O (U.S. Patent No. 5,870,036 to Franaszek) at Abstract ("The block is then compressed using the selected one of the mechanisms and the compressed block is provided with an identifier of the selected mechanism."); Exh. P (U.S. Patent No. 6,253,264 to Sebastian) at 5:15-17 ("The encoded data stream includes an identification (ID) code indicating which filter was used to encode the data . . . .").

<u>Realtime Response to CME Defendants' Statement No. 13</u>

*Realtime denies this statement.  Providing a descriptor to identify a selected encoder as*

*described and claimed in one or more asserted patents was not in the prior art.*

<u>CME Defendants' Statement No. 14</u>

Providing synchronization points for initiating decoding was known by persons of ordinary skill in the art before the priority date of the asserted patent. *See, e.g.*, Exh. Q (W. Simpson, RFC1662, PPP in HDLC Like Framing, published by Network Working Group in July 1994) at 5 ("Each frame begins and ends with a Flag Sequence, which is the binary sequence 01111110 (hexadecimal 0x7e).  All implementations continuously check for this flag, which is used for frame synchronization.").

<u>Realtime Response to CME Defendants' Statement No. 14</u>

*Realtime denies this statement.  Providing synchronization points for initiating decoding*

*as described and claimed in one or more asserted patents was not in the prior art.*

<u>CME Defendants' Statement No. 15</u>

The parties have agreed that the "analyzing" claim terms should be construed as "directly examining the content of the data to be compressed to determine the data block (or data field) type of that data."  *See* Exh. J (Proposed Order Adopting Agreed Constructions e-mailed to chambers of Judge Forrest on April 24, 2012) at 2.

<u>Realtime Response to CME Defendants' Statement No. 15</u>

*Realtime does not deny this statement.*

<u>CME Defendants' Statement No. 16</u>

The parties have agreed that "synchronization points" should be construed as "an identifiable sequence of one or more bytes in the data stream."  *See* Exh. J at 4.

<u>Realtime Response to CME Defendants' Statement No. 16</u>

*Realtime does not deny this statement.*

McKool 451459v1

CME Defendants' Statement No. 17

> Realtime has argued in its claim construction briefing that the terms "data block type[s]" or "data field type[s]" should be construed as "an attribute or characteristic of the data residing in the data block (or data field)." See Realtime's Opening Claim Construction Brief, Case No.1:11-CV-6697, Dkt. 564, at 17-22.

Realtime Response to CME Defendants' Statement No. 17

*Realtime does not deny this statement.*

## INVENTOR STATEMENTS

CME Defendants' Statement No. 18

> At his deposition, named inventor Mr. Stephen McErlain testified:

> > Q.    Does Realtime believe that its patented algorithm method would be applicable to essentially any type of digital data?

> > A.   We didn't develop specifically any one algorithm. Our approach is multiple approaches.   It's creating in any scenario that we are inserting our product to having a sophisticated, multialgorithmic compression engine.  And we could set one up that would have impact on almost any type of data unless it is encrypted or highly compressed in advance.

> > Q.    So the multialgorithmic compression engine could be used on almost any type of data?

> > A.    Yes, unless it is compressed or encrypted.

> (Exh. H, Deposition of Stephen McErlain, April 18, 2012, at 448:24-449:18)

> (objections omitted)

Realtime Response to CME Defendants' Statement No. 18

*Realtime does not deny this statement.*

CME Defendants' Statement No. 19

McKool 451459v1

In a letter addressed to John Cook of Bloomberg LLP and dated December 24, 2001, named inventor Jay Fallon wrote:

> Our initial success was achieved through the use of key IXO Intellectual Propety (i.e. utilization of multiple algorithms and table based compression for financial data systems), both fully embodied in the patents issued and pending to IXO.
>
> The full value of our data acceleration methodology and associated blocking patents is far from fully realized. Clearly no single lossless or lossy algorithm exists that will effectively compress the multitude of diverse data types, and the use of multiple algorithms for compression is now fully owned by IXO.

(Exh. I, document produced as RTD00057053).

Realtime Response to CME Defendants' Statement No. 19

*Realtime does not deny this statement.*

Dated: June 29, 2012          RESPECTFULLY SUBMITTED,
New York

                              **McKool Smith, P.C.**

                              */s/ Robert A. Cote*
                              Robert A. Cote
                              rcote@mckoolsmith.com
                              Brett E. Cooper
                              bcooper@mckoolsmith.com
                              Daniel J. Melman
                              dmelman@mckoolsmith.com
                              Lauren L. Fornarotto
                              lfornarotto@mckoolsmith.com
                              One Bryant Park, 47th Floor
                              New York, New York 10036
                              Telephone: (212) 402-9400
                              Facsimile: (212) 402-9444

                              Dirk D. Thomas
                              dthomas@mckoolsmith.com

8

McKool 451459v1

1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344
**ATTORNEYS FOR PLAINTIFF**
**REALTIME DATA, LLC D/B/A/ IXO**

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing document were served via email to all counsel of record on June 29, 2012.

*/s/ Laura Handley*
Laura Handley

McKool 451459v1