UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>                        Plaintiff,<br><br>     v.<br><br>CME GROUP INC., *et al.*,<br><br>                        Defendants. | Civil Action No. 1:11-cv-6697 (KBF)<br><br>Civil Action No. 1:11-cv-6699 (KBF)<br><br>Civil Action No. 1:11-cv-6702 (KBF)<br><br>**ECF Case** |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101

Plaintiff Realtime Data, LLC d/b/a IXO (Realtime) respectfully submits this notice of supplemental authority relating to Defendants' Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 101 (D.I. 649) ("Motion") and Realtime's Opposition thereto (D.I. 655) ("Opposition").

On July 9, 2012, the Federal Circuit released a precedential opinion that vitiates Defendants' pending motion. *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 2012 U.S. App. LEXIS 13973 (Fed. Cir. July 9, 2012). *CLS Bank* involved method and system claims for "a computerized trading platform for exchanging obligations in which a trusted third party settles obligations between the first and second party so as to eliminate 'settlement risk'." *Id.* at *2. The Federal Circuit in *CLS Bank* discussed and applied the Supreme Court's recent decision in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012) ("*Prometheus*"). *CLS Bank* expressly rejected the arguments that Defendants have made here.

First and foremost, *CLS Bank* applied *Prometheus* and expressly rejected Defendants' tactic of ignoring claim limitations and re-writing claims to a high level of abstraction, labeling that approach "***fundamentally improper.***" *Compare* Motion at 1, 5, 11-14; Opposition at 1, 5-8, 17-19.

> As the Supreme Court has recently acknowledged, "too broad an interpretation of [the exceptions to *§ 101*] could eviscerate patent law. For all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Prometheus*, 132 S. Ct. at 1293. Any claim can be stripped down, or simplified, removing all of its concrete limitations, until at its core, something that could be characterized as an abstract idea is revealed. But nothing in the Supreme Court's precedent, nor in ours, allows a court to go hunting for abstractions by ignoring the concrete, palpable, tangible, and otherwise [*29] not abstract invention the patentee actually claims. ***It is fundamentally improper to paraphrase a claim in overly simplistic generalities in assessing whether the claim falls under the limited "abstract ideas" exception to patent eligibility under 35 U.S.C. § 101.*** Patent eligibility must be evaluated based on what the claims recite, not merely on the ideas upon which they are premised. In assessing patent eligibility, a court must consider the asserted claim as a whole. *Diehr*, 540 U.S. at 188.

*CLS Bank*, 2012 U.S. App.LEXIS 13973 at *28-29 (emphasis added).

*CLS Bank*, citing *Prometheus*, also expressly rejected Defendants' tactic of focusing on an alleged "inventive concept" and ignoring allegedly "old" claim elements. *Compare* Motion at 1, 6-7, 11-14; Opposition at 2, 10, 17-19.

> The Supreme Court's reference to an "inventive concept" cannot be read to endorse overlooking the actual terms of the claims or the distillation of claim language to mere generalities. *Prometheus* simply states "that a process that focuses upon the use of a natural law also contain *other elements or a combination of elements*, sometimes referred to as an 'inventive concept,' *sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the natural law itself.*" *Prometheus*, 132 S. Ct. at 1294 (emphases added). ***This is not a new idea, and imposes no "novelty" or "nonobviousness" inquiry into the patent eligibility analysis under § 101. See Diehr, 540 U.S. at 188-89.***

*CLS Bank*, 2012 U.S. App.LEXIS 13973 at *30 n. 2 (emphasis added).

Next, *CLS Bank* cited *Prometheus* and explained that the concept of preemption

2

undergirded the long-standing rule that truly "abstract" ideas could not be patented. *See* Opposition at 3, 9.

> Our Constitution gave Congress the power to establish a patent system "[t]o promote the Progress of Science and useful Arts . . . ." *U.S. Const. art. I, § 8, cl. 8*. The patent system is thus intended to foster, not foreclose, innovation. *See id.* While every [*24] inventor is granted the right to exclude, or "pre-empt," others from practicing his or her claimed invention, no one is entitled to claim an exclusive right to a fundamental truth or disembodied concept that would foreclose *every future innovation* in that art. *See Morse, 56 U.S. at 112-13*. As the Supreme Court has "repeatedly emphasized . . . patent law [must] not inhibit further discovery by improperly tying up the future use of laws of nature." *Prometheus*, 132 S. Ct. at 1301. "[T]here is a danger that grant of patents that tie up [laws of nature, physical phenomena, and abstract ideas] will inhibit future innovation premised upon them, a danger that becomes acute when a patented process amounts to *no more than* an instruction to 'apply the natural law,' or otherwise forecloses more future invention than the underlying discovery could reasonably justify." *Id.* (emphasis added); *see also Benson, 409 U.S. at 68* ("Here the 'process' claim is so abstract and sweeping as to cover both known and *unknown* uses of the BCD to pure binary conversion." (emphasis added)). ***Thus, the essential concern is not preemption, per se, but the extent to which preemption results in the foreclosure of innovation.*** [*25] ***Claims that are directed to no more than a fundamental truth and foreclose, rather than foster, future innovation are not directed to patent eligible subject matter under § 101.*** No one can claim the exclusive right to all future inventions. *Morse, 56 U.S. at 112-13; Benson, 409 U.S. at 68.*

*CLS Bank*, 2012 U.S. App.LEXIS 13973 at *23-25 (emphasis added). As Realtime emphasized, the various and specific limitations of the asserted claims "added limiting detail to its claims so as to more precisely define the scope of its improvement to the general field of data compression." Opposition at 3. Realtime clearly is not preempting the entire field of data compression.

Finally, the holding in *CLS Bank* sets a test for determining whether a claim is impermissibly abstract that Defendants here cannot hope to meet:

> In light of the foregoing, ***this court holds*** [*31] ***that when--after taking all of the claim recitations into consideration--it is not manifestly evident that a claim is directed to a patent ineligible abstract idea, that claim***

3

*must not be deemed for that reason to be inadequate under § 101.* It would undermine the intent of Congress to extend a judicially-crafted exception to the unqualified statutory eligibility criteria of *§ 101* beyond that which is "implicitly" excluded as a "fundamental truth" that is "free to all men and reserved exclusively to none." *Bilski II*, 130 S. Ct. at 3225, 3230 (citations omitted); *see also id.* at 3226 ("This Court has 'more than once cautioned that courts should not read into the patent laws limitations and conditions which the legislature has not expressed.'" (quoting *Diehr*, 450 U.S. 175, 182 (citation omitted))). *Unless the single most reasonable understanding is that a claim is directed to nothing more than a fundamental truth or disembodied concept, with no limitations in the claim attaching that idea to a specific application, it is inappropriate to hold that the claim is directed to a patent ineligible "abstract idea" under 35 U.S.C. § 101.*

*CLS Bank*, 2012 U.S. App.LEXIS 13973 at *30-31 (emphasis added). Defendants here read certain method steps as allegedly being performable by a human, and conclude that the claims must therefore be abstract. Motion at 11-14. Realtime demonstrated that such a reading was inconsistent with both the claims and the specification. Opposition at 1-2, 7-8. Indeed, Defendants' nonsensical human operator argument falls far short of being the "single most reasonable" understanding of the claims, as *CLS Bank* requires. *Id.*

In sum, Realtime respectfully submits that the *CLS Bank* opinion, which applies the Supreme Court precedents of *Mayo v. Prometheus, Bilski* and *Diamond v. Diehr* under similar factual circumstances, is dispositive legal authority that requires that Defendants' motion be denied.

DATED: July 11, 2012

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Robert A. Cote
Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
Daniel J. Melman

4

dmelman@mckoolsmith.com
Lauren L. Fornarotto
lfornarotto@mckoolsmith.com
Laura A. Handley
lhandley@mckoolsmith.com
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
Dirk D. Thomas
dthomas@mckoolsmith.com
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344
**ATTORNEYS FOR PLAINTIFF
REALTIME DATA, LLC D/B/A/ IXO**

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing document were served via email to all counsel of record on July 11, 2012.

*/s/Brett E. Cooper*
Brett E. Cooper